THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

William Meekins, Jr.
2625 Roanoke Ave.
Portsmouth, VA 23704
(443) 282-7205
     Plaintiff,

v.

Civil Action No. _2:16cv 218_

| | |
|---|---|
| CITY OF NORFOLK<br>c/o Bernard Pishko, City Attorney, 9th Floor<br>810 Union Street<br>Norfolk, VA 23510<br>(757) 664-4529<br>    Defendant | Marcus D. Jones<br>City Manager's Office, 11th Floor<br>810 Union Street<br>Norfolk, VA 23510<br>(757) 664-4242<br>    Defendant |
| Kristen Lentz<br>Director of Utilities<br>401 Monticello Ave., 2nd Floor<br>Norfolk, VA 23510<br>(757) 664-6701<br>    Defendant | Capri Stanley-Smith<br>Human Resources, 1st Floor<br>810 Union Street<br>Norfolk, VA 23510<br>(757) 664-4486<br>    Defendant |
| Eric Tucker<br>Assistant Director of Utilities<br>1316 Ballentine Blvd.<br>Norfolk, VA 23504<br>(757) 823-1000<br>    Defendant | Willie Hoskins<br>Supervisor IV<br>1316 Ballentine Blvd.<br>Norfolk, VA 23504<br>(757) 823-1000<br>    Defendant |
| Alvin Cannon<br>Supervisor<br>1316 Ballentine Blvd.<br>Norfolk, VA 23504<br>(757) 823-1000<br>    Defendant | Linda Balance<br>Human Resources, 1st Floor<br>810 Union Street<br>Norfolk, VA 23510<br>(757) 664-4452<br>    Defendant |

## COMPLAINT

I, William Meekins, ("Plaintiff") claim the above named Defendants were responsible for

my termination which was in retaliation for reporting religious and racial discrimination that is

protected under Title VII of the Civil Rights Act, as amended, and for blowing the whistle on

fraud and theft in the Department of Utilities. The City of Norfolk was, and still is, in violation

of Virginia §15.2-1507 Provision of grievance procedure; because the portion regarding

prohibited retaliation against employees for reporting malfeasance is not a part of the City of

Norfolk's 8.4 Grievance Procedure as required by law. Because of that noncompliance, I was

denied due process when a panel heard my grievance and was not able to apply that policy in

respect to my reporting of fraud, waste and abuse.  For the above activities that contributed to

Plaintiff's termination, Plaintiff seeks $300,000 in damages for Title VII violations and $700,000

in damages for retaliation for whistleblowing.

Plaintiff's Wrongful Termination claim is made against Defendants: City of Norfolk,

Plaintiff's former employer; Marcus D. Jones, in his individual capacity; Kristen Lentz, in her

individual capacity; Capri M. Stanley-Smith, in her individual capacity; Eric Tucker, in his

individual capacity; Willie Hoskins, in his individual capacity; Alvin Cannon, in his individual

capacity; and Linda Ballance, in her individual capacity.

Plaintiff requests a trial by jury based on rights bestowed on citizens by the 7th

Amendment to the U.S. Constitution.

## JURISDICTION

Plaintiff claims the United States District Court for the Eastern District of Virginia,

Norfolk Division, has subject matter jurisdiction for this Complaint because the majority of laws

violated were Federal laws to include, but not limited to, Plaintiff's property right to his job (14th

Amendment to the Constitution) and Plaintiff's participation and opposition to discrimination

under Title VII of the Civil Rights Act, as amended. In addition to Federal laws, Virginia statute

§15.2-1507 Provision of grievance procedure was a public policy that was violated because the

City of Norfolk's Grievance policy was not in compliance with this statute.  Also Virginia §2.2-

2

2902.1 Rights of state employees to contact elected officials was violated because the "matters of public concern" were reported to Councilman Paul Riddick and Plaintiff was further retaliated against after that contact. Plaintiff currently resides in the City of Portsmouth, Virginia and has resided in the State of Virginia for more than 13 years, allowing this District Court to have personal jurisdiction.

## FACTS

1. William Meekins, Jr. ("Plaintiff") was a full-time civilian employee in the classified service of the City of Norfolk ("City") and vested in the retirement system.

2. Plaintiff was employed by the City of Norfolk Department of Utilities from March 2007 until he was suspended without pay pending termination on August 2014 and subsequently terminated in 2015.

3. Plaintiff filed a complaint with the EEOC for discrimination and retaliation for his treatment while employed for the City of Norfolk on January 13, 2016. See Exhibit 1, EEOC Charge of Discrimination.

4. Plaintiff had previously filed a complaint with the EEOC in 2012 for harassment, mistreatment and discrimination, but Plaintiff received no further follow-up from the EEOC.

5. Plaintiff exhausted his administrative remedies through the grievance process, and the decision of the grievance panel was to uphold the City's ruling to terminate.

6. Plaintiff received a Notice of Suit Rights from the EEOC on February 5, 2016. See Exhibit 2, Dismissal and Notice of Rights, dated February 2, 2016

7. Plaintiff was initially hired as a temporary worker in 2007 and later hired as a permanent, full-time Equipment Operator II in April/May 2009 to work in the Department of Utilities.

8. In 2010, Plaintiff began to be harassed and religiously discriminated against for leaving the church where his upline Department of Utilities supervisors – Hoskins and Cannon were respectively also his Pastor and fellow church member.

9. After leaving Hoskins' church in 2009, I began receiving false write-ups and false documentation by Alvin Cannon and Willie Hoskins.

10. Plaintiff reported via telephone to site manager, Charles Dunbar, the facts of Cannon's and Hoskins' efforts and their harassment and false write-ups stemmed from Meekins leaving Hoskins' church and because he reported the harassment.

11. Plaintiff went through all of the chain(s) of command in the workplace asking, begging, and pleading to be switched/transferred/removed from Cannon's crew, even willing to take a demotion to get away.

12. Plaintiff signed the first false write-up but put Hoskins and Cannon on notice that he knew what they were trying to do and he would not, and did not, sign any more false write-ups.

13. Plaintiff met with the Director of Utilities Kristen Lentz and Assistant Director of Utilities Eric Tucker on April 17, 2012 after work in the Director's downtown office where he shared the religious discrimination and harassment he had suffered by Hoskins and Cannon. At that same meeting, Plaintiff also reported instances of fraud, grand theft and other malfeasance perpetrated by Hoskins, Cannon and other members of supervisory and management staff. When Ms. Lentz asked Plaintiff what he wanted done about his

reports, he asked to be removed from Alvin Cannon's crew, transferred to another

Utilities Division, or a recommendation for him to go to the City of Baltimore, where

Plaintiff was born and raised. He asked for protection because he was being falsely

written up. After this meeting, Hoskins was transferred to the Storehouse and no longer

supervised maintenance crews.

14. In that meeting I also shared that Alvin Cannon was using our crew to work his private,

part-time job on City time. Other malfeasance was shared when the City attempted to

terminate me in 2013, and I was brought back to work.

## ARGUMENT

Charges made against the Plaintiff were a pretext to cover up the real reason Plaintiff was

terminated in retaliation for his participation and opposition to discrimination and for

whistleblowing. The 14th Amendment to the U.S. Constitution property doctrine clause supports

Plaintiff's property interest in his job:

> All persons born or naturalized in the United States, and subject to the jurisdiction
>
> thereof, are citizens of the United States and the State wherein they reside. No
>
> State shall make or enforce any law which shall abridge the privileges or
>
> immunities of citizens of the United States; nor shall any State deprive any person
>
> of life, liberty, or property, without due process of law; nor deny to any person
>
> within its jurisdiction the equal protection of the laws. (14th Amendment excerpt)

Plaintiff was denied due process when the City's grievance procedure (see Exhibit 3, 8.4

Grievance Procedure) was and still is deficient according to the state statute (see Exhibit

4, §15.2-1507) to include the following grievable complaints from §15.2-1507 A(1)(iv):

acts of retaliation ... or because the employee has complied with any law of the United States or of the Commonwealth, has reported any violation of such law to a governmental authority, has sought any change in law before the Congress of the United States or the General Assembly, **or has reported an incidence of fraud, abuse, or gross mismanagement**. For the purposes of clause (iv) there shall be a rebuttable presumption that increasing the penalty that is the subject of the grievance at any level of the grievance shall be an act of retaliation.

To demonstrate a prima facie case of retaliation, Plaintiff must prove three elements: (1) that he engaged in protected activity, (2) that an adverse employment action was taken against him, and (3) that there was a causal link between the protected activity and the adverse employment action.

(1) The facts of this Complaint, viewed in light most favorable to the Plaintiff, are facts that support Plaintiff's assertion that his reports of theft, fraud, and discrimination were protected activities.

(2) An adverse employment action was taken against Plaintiff when he was suspended without pay in August 2014 and subsequently terminated in 2015.

(3) After providing documented evidence that allegations against Plaintiff were false and providing other evidence of fraud, Plaintiff was returned to work after the first attempt to terminate him in August 2013. Plaintiff was placed with a supervisor who vowed to terminate him, where others had failed. Plaintiff will subpoena witnesses to testify to the conspiracy to terminate Plaintiff and Plaintiff has kept a detailed diary of events as they happened. See Exhibit 5, sample diary page.

Plaintiff took his complaints Councilman Paul Riddick in person in 2012 and again over the phone when the harassment and discrimination continued. Plaintiff argues that the City violated his rights under Virginia Statute §2.2-2902.1 Right of state employees to contact elected officials, by retaliating against him after his contacts with Councilman Riddick.

The Virginia Code, Chapter 30.1 The Fraud and Abuse Whistle Blower Protection Act §2.2-3011 offers protection for Plaintiff's whistleblowing activities. See Exhibit 7, §2.2-3011 Discrimination and retaliatory actions against whistle blowers prohibited; good faith required; remedies. Plaintiff made good-faith complaints of wrongdoing in the City of Norfolk, and was retaliated against for doing so in violation of the Virginia's Whistleblower statute.

WHEREFORE Plaintiff William Meekins requests a jury trial followed by a judgment against Defendants in the sum of $1,000.000.00 as follows: $300,000 for Title VII violations, and $700,000 for damages resulting from losing out on 17 years of employment and a reduced retirement. Plaintiff also asks for all costs and attorney fees once I secure an attorney, and such other relief (punitive damages) as this court may deem just and proper.

William Meekins, Jr., *Pro Se* Litigant

2625 Roanoke Ave.

Portsmouth, VA 23704

(443) 282-7205

05 / 02 / 16

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2016, I have filed the foregoing Complaint

with the Clerk of the Court and will then serve via Sheriff's Deputy a copy of the foregoing to:

City of Norfolk

c/o Bernard Pishko, City Attorney

810 Union Street, Room 900

Norfolk, VA 23510

Telephone: (757) 664-4529

Facsimile: (757) 664-4201

bernard.pishko@norfolk.gov

*Defendant* and

Marcus D. Jones
Kristen Lentz
Capri Stanley-Smith
Eric Tucker
Willie Hoskins
Alvin Cannon
Linda Ballance

*Co-defendants*

William Meekins, Jr., *Pro Se* Plaintiff

2625 Roanoke Ave.

Portsmouth, VA 23704

(443) 282-7205

05 / 02 / 16